## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ORDER GRANTING** |
| | ) | **MOTION FOR RELEASE TO** |
| vs. | ) | **ATTEND TREATMENT** |
| | ) | |
| Lennie Ellen Traversie, | ) | Case Nos.  1:21-cr-028 and 1:18-cr-137 |
| | ) | |
| Defendant. | ) | |

In Case No.1:21-cr-28, defendant is charged in an Indictment with the offense of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.  (Case No.1:21-cr-28, Doc. No. 1).  In Case No. 1:18-cr-137, she is charged in a petition with violating her conditions of supervised release.  (Case No. 1:18-cr-137, Doc. No. 85).  She made her initial appearance on both the Indictment and petition on February 22, 2021. (Case No. 1:21-cr-28, Doc. No. 27; Case No. 1:18-cr-137, Doc. No. 93).  On motion by the United States, the court scheduled a detention hearing for her on February 24, 2021.  At the outset of the hearing, she waived her right to a detention in open court but requested a furlough.  (Case No. 1:21-cr-28, Doc. No. 32; Case No. 1:18-cr-137, Doc. No. 97).  The court accepted her waiver of her right to detention hearing but denied her furlough request and ordered that she be detained.  (Case No.1:21-cr-28, Doc. No. 33; Case No. 1:18-cr-137, Doc. No. 98).  She has since been housed by the United States Marshal at the Heart of America Correctional and Treatment Center in Rugby, North Dakota.

On May 11, 2021, defendant filed a motion for release to attend treatment.  (Case No.1:21-cr-28, Doc. No. 57).  Therein, she requested to be released so that she could travel to and participate in an inpatient treatment program at Prairie St. John's in Fargo, North Dakota.  The court denied the motion in an order dated May 12, 2021, finding that Prairie St. John's was not an

appropriate facility for defendant (or an other defendants for that matter) and that defendant's history of noncompliance with court orders and history of serious substance abuse otherwise weighed against release. (Case No.1:21-cr-28, Doc. No. 59).

On August 2, 2021, defendant filed a second motion for release to attend treatment. (Case No.1:21-cr-28, Doc. No. 70). She advises that she has been accepted into an inpatient treatment program at the Summit Prairie Recovery Center's ("Summit") facility in Watford City, North Dakota, and that this facility presently has space for her. (Id.).[1] She further advises that her aunt, Lynn Cadotte, can transport her to Summit's Watford City facility. She requests to be released subject to whatever conditions the court deems appropriate so that she can travel to and participate in Summit's treatment program.

Defendant's prior history is disconcerting. The court is nevertheless inclined to give defendant an opportunity to participate in Summit's intensive inpatient treatment program. First, defendant has now endured an extended period of forced sobriety. Second, there is no disputing that defendant would benefit from intensive inpatient treatment. Third, the Pretrial Services Office, although admittedly "on the fence" with respect to the prospect of defendant's release in light of her history, advises that a placement at Summit does not necessarily raise the same concerns as would a placement at Prairie St. John's.

Accordingly, the court **GRANTS** defendant's second motion for release to attend treatment (Case No.1:21-cr-28, Doc. No. 70). Defendant shall be released to her aunt, Lynn Cadotte, or to

---

[1] In her motion, defendant makes reference to Summit's facility in Raleigh, North Dakota. (Case No.1:21-cr-28; Doc. No.70). However, the letter attached to her motion states that she has been accepted by Summit to its facility in Watford City, North Dakota. (Case No.1:21-cr-28; Doc. No. 70-1).

other persons(s) approved by the Pretrial Services Officer no earlier than 9:00 AM on August 11, 2021, for immediate transport to Summit's facility in Watford City. While on release, defendant shall comply with the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection progress or specimen may be considered the same as a positive test.

(4) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6) Defendant shall reside at Summit's Watford City facility, fully participate in its programming, and comply with all of its rules and regulations. Upon her arrival, she shall contact Probation Officer Tara Moszer at (701) 530-2419.

(7) Defendant shall sign all releases of information requested by the Pretrial Services Officer so that her progress and participation in treatment may be monitored.

(8) Upon her discharge or termination from the treatment program, defendant shall

immediately report to the United States Marshal's office in Bismarck with the understanding that she shall be detained pending further order of the court.

In addition to the conditions listed above, defendant remains subject to and must comply with all of the conditions of supervised release previously imposed by the court in Case No. 1:18-cr-137. If for any defendant is not admitted to Summit as anticipated on August 11, 2021, she shall immediately return the Heart of America Correctional and Treatment Center and be remanded back into Marshals Service custody.

    **IT IS SO ORDERED**.

Dated this 5th day of August, 2021.

                                                */s/ Clare R. Hochhalter*
                                                Clare R. Hochhalter, Magistrate Judge
                                                United States District Court